# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BRIDGETT AMADECK and FELIX N. HANSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPITAL ONE FINANCIAL CORPORATION and CAPITAL ONE BANK (USA), N.A.,<br><br>Defendants. | No.<br><br>DECLARATION OF PAUL SMITH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL |

I, Paul Smith, am over the age of 18 and declare under the penalty of perjury under the laws of the State of Washington that the following is true and correct:

1. I am one of the attorneys representing Capital One Financial Corporation and Capital One Bank (USA), N.A. (collectively, "Capital One"), in this lawsuit and am competent to make the following declaration based upon my personal knowledge.

DECLARATION OF PAUL SMITH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL – PAGE 1

621207 / 482.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2. Attached hereto as Exhibit A is a true and accurate copy of plaintiffs' Complaint filed on January 23, 2012, in King County Superior Court, Case No. 12-2-02621-6 SEA.

3. Attached hereto as Exhibit B is a true and accurate copy of the Notice of Service of Process showing that the Complaint in this lawsuit was served on Capital One on January 24, 2012.

DATED in Seattle, Washington on this 13th day of February, 2012.

_____
Paul Smith, WSBA #28099

DECLARATION OF PAUL SMITH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL – PAGE 2

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

621207 / 482.0001

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the foregoing DECLARATION OF PAUL SMITH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL on the following individuals in the manner indicated:

Ms. Kim Williams
Mr. Rob Williamson
Williamson & Williams
17253 Agate Street NE
Bainbridge Island, WA 98110
Facsimile: 206-780-5557
(X) Via U.S. Mail
(X) Via Facsimile
( ) Via Hand Delivery
(X) Via ECF

SIGNED this 13th day of February, 2012, at Seattle, Washington.

*Amy Jean Sears* (signature)

DECLARATION OF PAUL SMITH IN SUPPORT OF DEFENDANTS' NOTICE
OF REMOVAL – PAGE 3

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

621207 / 482.0001

# Exhibit A

```
                                                              FILED
                                                         12 JAN 23 AM 9:00

                                                            KING COUNTY
                                                       SUPERIOR COURT CLERK
                                                              E-FILED
                                                   CASE NUMBER: 12-2-02641-6 SEA
```

SUPERIOR COURT OF WASHINGTON IN AND
FOR KING COUNTY

| | |
|---|---|
| BRIDGETT AMADECK and FELIX N. HANSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPITAL ONE FINANCIAL CORPORATION and CAPITAL ONE BANK (USA), N.A.,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF |

Plaintiffs Bridgett Amadeck and Felix N. Hansen, individually and as class representatives for National and Washington State Classes of similarly situated individuals, allege as follows:

## I. PARTIES, JURISDICTION, VENUE

1.1  Defendant Capital One Financial Corporation is a Delaware corporation with its principal offices in McLean, Virginia. Capital One Bank (USA), N.A. is a Virginia corporation with its principal offices in Glen Allen, Virginia. (Defendants are hereinafter collectively referred to as "Capital One").

1.2  Plaintiff Bridgett Amadeck is a resident of Kirkland, King County, Washington, and the owner of the cellular telephone on which she receives calls, including those which are

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 1



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

the subject of this Complaint. Plaintiff Felix N. Hansen is a resident of Vancouver, Clark County, Washington and the owner of the residential telephone on which she receives calls, including those which are the subject of this Complaint.

1.3     The calls in question were received on Plaintiff Amadeck's cellular telephone in King County, Washington and Plaintiff Hansen's cellular telephone in Clark County, Washington.

1.4     Venue and jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution Article 4, § 6.

## II. FACTS

2.1     On multiple occasions beginning approximately October 15, 2009 and continuing for six weeks or more, Capital One placed as many as three or more calls per day to Plaintiff Amadeck's cellular telephone number for solicitation purposes.

2.2     The calls, which were received from the main Capital One customer service number and from many other non-toll free and toll free numbers, consisted of a pre-recorded message delivered by an automatic dialing and announcing device ("ADAD"). Some of the numbers from which the calls were made were 800-955-6600, 978-867-5500, 714-374-8034, 866-929-5307 and 562-483-7846.

2.3     The pre-recorded messages were all the same and were words to the effect "Hi, this is Linda calling with a special opportunity from Capital One. Please call us back at (800) 955-6600 to discuss them." Capital One was not identified on Plaintiff Amadeck's cellular telephone display when the calls came in.

2.4     When she received the calls from Capital One, Plaintiff Amadeck had an active Capital One credit card account.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 2



WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

2.5     After approximately one week of receiving the calls, Plaintiff Amadeck returned Capital One's call to complain about the calls. Plaintiff Amadeck called Capital One at the telephone number on the back of her Capital One credit card and was connected to the Capital One menu message which she followed to connect to a live representative. The Capital One representative with whom she spoke advised that the "special offer" Capital One was calling about was affording Plaintiff Amadeck the opportunity to "opt in" to over-limit fees, which over-limit fees would otherwise have been prohibited by the newly enacted Credit Card Act of 2009. Because Defendants could not otherwise continue to charge over-limit fees, it was to Capital One's advantage that its customers "opt in." When the Capital One representative described the "special offer" to Plaintiff Amadeck, she declined the offer, stating that she did not wish to "opt-in" to over-limit fee charges. She also complained to the Capital One representative about the calls she had been receiving, advising that the calls were to her cellular telephone and were costing her minutes under her cellular telephone plan. Plaintiff Amadeck assumed that her complaint, in addition to her declination of the "special offer," would stop the calls.

2.6     The calls continued for approximately two more days, and Plaintiff Amadeck again returned a call to Capital One at the number on the back of her Capital One credit card on either October 20 or 21, 2009, again followed the menu to speak with a live representative, and again requested that the calls to her cellular telephone stop. The Capital One representative with whom Plaintiff spoke said it would take a few weeks for Capital One to stop the calls.

2.7     The calls continued and, on November 7, 2009, Plaintiff Amadeck again returned a call to Capital One at the number on the back of her credit card, again followed the menu to speak with a live representative, and again requested that the calls to her cellular

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 3



WILLIAMSON
& WILLIAMS

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

telephone stop. The Capital One representative with whom Plaintiff Amadeck spoke checked Plaintiff's record and advised that the previous Do-Not-Call request was in the record. Plaintiff Amadeck then spoke with a supervisor who agreed to re-submit her Do-Not-Call request. Nevertheless, the calls continued.

2.8 On November 16, 2009, because direct contact with Capital One did not stop the calls, Plaintiff Amadeck submitted a complaint to the Consumer Protection Division of the Washington Attorney General's Office describing what was occurring with the Capital One calls and her inability to persuade Capital One to stop the calls. Even after Plaintiff Amadeck submitted her complaint to the Washington Attorney General's Office, she received another call or calls from Capital One. The Attorney General's Office forwarded a copy of Plaintiff Amadeck's complaint to Capital One and, on January 5, 2010, Matthew Sharp of Capital One responded by letter to Plaintiff Amadeck acknowledging the calls and Plaintiff Amadeck's attempts to persuade Capital One to stop calling, but also stating in part:

> Our records reflect that when you called on October 20, 2009, our representative updated your request to cease receiving calls and informed you that it will take up to 30 days for us to completely process your do-not-call request and remove your name from out telemarketing calling lists. It was explained that if you receive a Capital One telemarketing call during the 30-day period, please inform the caller that you have recently made a request not to receive telemarketing calls.

2.9 Under the terms of her cellular telephone plan, calls to and from Plaintiff Amadeck's cellular telephone reduce her available minutes, thereby imposing a cost on Plaintiff. On each occasion that Capital One called Plaintiff Amadeck's cellular telephone, her account was charged for one minute, plus the additional time required to check and erase the

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

pre-recorded messages. In addition, the calls caused her to lose time from work by interrupting business meetings, work on projects and other business activities.

2.10 On multiple occasions beginning in late 2009 and continuing for several months, Defendants Capital One placed as many as three or more calls per day to Plaintiff Hansen's residential telephone number for solicitation purposes.

2.11 The calls, which were received from various out-of-state telephone numbers, consisted of a pre-recorded message delivered by an ADAD.

2.12 The pre-recorded messages were all the same and stated: "Hi, this is Linda. We have some opportunities for you at Capital One. Please call 1-800-955-6600 to discuss them. Thank you." Capital One was not identified on Plaintiff Hansen's telephone display when the calls came in.

2.13 When she received the calls from Capital One, Plaintiff Hansen did not have an active Capital One credit card account, but she had previously had such an account. Shortly before the calls began, Plaintiff Hansen paid off her Capital One credit card and closed the account.

2.14 During the period of time she was receiving the calls, Plaintiff Hansen called the return number left by Capital One on at least four occasions and asked the representative with whom she was connected to stop calling her house. The representatives responded that Capital One was not making telemarketing calls or leaving pre-recorded messages, despite the fact that Plaintiff Hansen's voice mail was clogged with such messages from Capital One. The representatives also said that they were looking for Felix or another individual, to which Plaintiff Hansen replied "Well, I am Felix, and I have no account with Capital One." The

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Capital One representative with whom Plaintiff Hansen spoke on July 7, 2010 hung up on her when Plaintiff Hansen asked for the Capital One Do-Not-Call Policy.

2.15  On July 7, 2010, because direct contact with Capital One did not stop the calls, Plaintiff Hansen submitted a complaint to the Consumer Protection Division of the Washington Attorney General's Office describing what was occurring with the Capital One calls and her inability to persuade Capital One to stop the calls. The Attorney General's Office forwarded a copy of Plaintiff Hansen's complaint to Capital One and, on July 20, 2010, Paige T. of Capital One responded by letter to Plaintiff Hansen implying that Capital One had been attempting to reach Plaintiff Hansen's roommate, not Plaintiff Hansen. Capital One's response ignored the substance of Plaintiff Hansen's complaint and the fact that her roommate had also contacted Capital One, provided it with her separate telephone number, and yet the calls to Plaintiff Hansen's residential telephone number continued.

2.16  Defendants made these ADAD calls to Plaintiffs without their consent, either express or implied.

2.17  Upon information and belief, Defendants made hundreds or more substantially similar ADAD calls to the telephones of persons in Washington State, including persons in King County, and to persons in other states.

2.18  Upon information and belief, Defendants intend to continue to make similar ADAD calls to the telephones of persons in Washington State and other states.

### III. CAUSES OF ACTION

3.1  Plaintiffs reallege the foregoing paragraphs as if fully stated herein. The following causes of action are, to the extent necessary, stated in the alternative.

**Count A. Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF - 6



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

(National Class)

3.2   Defendants have violated the Telephone Consumer Protection Act, including 47 U.S.C. § 227(b)(1)(A)(iii) in that they made ADAD calls to the cellular telephones of Plaintiff Amadeck and other Class members without their consent, express or implied.

3.3   As a result of said conduct, Plaintiff Amadeck and members of National Class I have sustained damages, including paying charges as a result of their receipt of the ADAD calls and being injured in their business or property. Plaintiff Amadeck and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as incidental statutory or other damages.

### Count B. Violation of 47 U.S.C. § 227(b)(1)(B)
### (National Class)

3.4   Defendants have violated the Telephone Consumer Protection Act, including 47 U.S.C. § 227(b)(1)(B) in that it made ADAD calls to the residential telephone of Plaintiff Hansen and other Class members without their consent, express or implied.

3.5   As a result of said conduct, Plaintiff Hansen and members of the National Class I have sustained damages. Plaintiff Hansen and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as incidental statutory or other damages.

### Count C.  Violation of 47 CFR 64.1200 *et seq*

3.6   Defendants Capital One, directly or through their agents, has violated 47 CFR 64.1200 *et seq* by placing ADAD solicitation calls to Plaintiffs which left pre-recorded messages when Plaintiffs' telephone numbers were on the National Do-Not-Call registry and/or when those numbers were or should have been on the Capital One internal Do-Not-Call

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

registry. Violations include, but are not limited to violating 47 CFR 64.1200 (d) (3) entitled *Recording, disclosure of do-not-call requests-* by failing to record such requests, place the subscriber's name and telephone number on the do not call list at the time the request is made and, within a reasonable time from the date such request is made, honor the request.

Any violation by Capital One or its agents of the Do-Not-Call provisions of 47 CFR 64.1200 entitles Plaintiffs and members of the related National Class II to damages pursuant to 47 U.S.C 227(c)(5). Under 47 U.S.C. 227(c)(5), Plaintiffs and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as statutory damages, including treble damages, for each of Defendants' violations of the law. .

### Count D. Violation of RCW 80.36.400 (Washington State Class)

3.7 In placing ADAD commercial solicitation calls to Plaintiffs' telephones, the Defendants have violated RCW 80.36.400.

3.8 As a result of said conduct, Plaintiffs and members of the Washington State Class I have sustained damages. Plaintiffs and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as statutory and other damages as set forth below.

### Count E. Violation of RCW 80.36.390 (Washington State Class)

3.9 Defendants Capital One, directly or through their agents, have violated RCW 80.36.390(3) by making telephone calls to Plaintiffs and members of the Washington State Subclass II within a year of the date Plaintiffs and members of said Class asked not to be called again, and, on information and belief, by selling or giving the called parties' names to another organization.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 8



WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

3.10 As a result of said conduct, Plaintiffs and members of the Washington State Class II have sustained damages. Plaintiffs and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as statutory damages and attorney fees and costs, for each of Defendants' violations of the law.

**Count F. Violation of RCW 19.86 (Washington State Class)**

3.11 Under RCW 80.36.400(3), Defendants' violation of RCW 80.36.400 constitutes a violation of RCW 19.86, *et seq.*, the Washington Consumer Protection Act ("CPA").

3.12 As a result of said conduct, Plaintiffs and members of the Washington State Class I have sustained damages. Under the CPA, Plaintiffs and all members of said Class are entitled to injunctive relief enjoining Defendants' unlawful conduct, as well as statutory and other damages, and fees and costs as set forth below.

**Count G. Declaratory Relief Under The Washington Declaratory Judgment Act (RCW 7.24.010) (Washington State Class)**

3.13 Defendants used an ADAD to send prerecorded messages to the telephones of persons in Washington and other states without the called parties' consent, and to make telephone calls to persons who had requested not to be called by Defendants, which caused the called parties to suffer injury to their business or property.

3.14 An actual controversy now exists between Plaintiffs and the other members of the Classes on the one hand, and Defendants on the other hand, concerning their respective rights and duties.

3.15 Plaintiffs and the Classes are entitled to have their rights, status, and legal relations relating to Defendants' use of an ADAD under the circumstances described above established by this Court.




## IV. CLASS ACTION ALLEGATIONS

4.1 Plaintiffs reallege the foregoing paragraphs as if fully stated herein.

4.2 This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3). Plaintiffs seek to represent four Classes comprised of:

> National Class I: All persons who received one or more calls from Defendants on their telephones, made by an automatic telephone dialing system which utilized an artificial or pre-recorded voice to deliver a message without the prior express consent of the called party, for a commercial purpose, at any time for the period that begins 4 years from the date of this complaint to trial;

> National Class II: All persons who received one or more calls from Defendants sent for purposes of solicitation who were on the National Do-Not-Call registry or Capital One's internal Do-Not-Call registry when the calls were received, at any time for the period that begins 4 years from the date of this complaint to trial;

> Washington State Class I: All Washington persons who received one or more calls from Defendants made by an automatic dialing and announcing device for purposes of commercial solicitation which played a pre-recorded message, at any time for the period that begins 4 years from the date of this complaint to trial;

> Washington State Class II: All persons who received one or more calls from Defendants within a year of the date they asked Defendants not to be called again, at any time for the period that begins 4 years from the date of this complaint to trial.

4.3 **Numerosity.** The Classes are each so numerous that joinder of all members is impracticable.

4.4 **Common Questions of Law and Fact.** The questions of law and fact are the same for all Class members, including whether the Defendants' conduct violated 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 C.F.R. § 64.100(a)(1)(iii), RCW 80.36.400 and/or RCW 19.86 *et seq*, and RCW 80.36.390.

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

4.5     **Plaintiffs' Claims are Typical of the Classes.** Plaintiffs' claims are typical of the Classes in that they arise from Defendants' repeated violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 C.F.R. § 64.100(a)(1)(iii), RCW 80.36.400 and/or RCW 19.86 *et seq*, and RCW 80.36.390 as to Plaintiffs and all other Class members.

4.6     **Plaintiffs Will Fairly and Adequately Protect The Classes.** Plaintiffs will adequately represent and protect the interests of the Classes because they have retained competent and experienced counsel and their interests in the litigation are not antagonistic to the other members of the Classes.

4.7     **A Class Action is Maintainable Under CR 23(b)(3).** The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to Defendants' unlawful use of one or more ADADs and/or Do-Not-Call violations. The prosecution of separate actions by individual members of the Classes against Defendants would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Classes' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

4.8     **A Class Action is Maintainable Under CR 23(b)(2).** Defendants have acted on grounds generally applicable to Plaintiffs and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 11



WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and the Classes of similarly situated individuals, respectfully request that the Court enter judgment in their favor and in favor of the Classes for:

A.  Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B.  Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will not continue to use ADADs to send messages to telephone subscribers and will not continue to commit Do-Not-Call violations;

C.  Judgment against Defendants for statutory damages of $500 per legal violation occurring as a result of each message sent to Plaintiffs and each member of the Classes, and other damages, including treble damages of $1,500 per message for willful or knowing statutory violations, and actual damages as are permitted under federal and state law;

D.  Judgment against Defendants for attorney's fees and costs of suit as permitted by law;

E.  Any other or further relief which the Court deems fair and equitable.

DATED this 20th day of January, 2012.

*Kim Williams*
Kim Williams, WSBA # 9077
Rob Williamson, WSBA #11387
17253 Agate Street NE
Bainbridge Island, WA 98110
Telephone: (206) 780-4447
Fax: (206) 780-5557
Email: kim@williamslaw.com
roblin@williamslaw.com
*Attorneys for the Plaintiffs and the Proposed Classes*

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 12



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

# Exhibit B



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

LDD / ALL
Transmittal Number: 9526858
Date Processed: 01/24/2012

| | |
|---|---|
| Primary Contact: | Nakia Henley<br>Capital One Services<br>15000 Capital One Drive<br>Richmond, VA 23238 |

| | |
|---|---|
| Entity: | Capital One Financial Corporation<br>Entity ID Number 1622564 |
| Entity Served: | Capital One Financial Corporation |
| Title of Action: | Bridgett Amadeck vs. Capital One Financial Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court/Agency: | King County Superior Court, Washington |
| Case/Reference No: | 12-2-02641-6 SEA |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 01/24/2012 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Kim Williams<br>206-780-4447 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com