1

2

3

4

5

6

7

Honorable Robert S. Lasnik

8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10 | BRIDGETT AMADECK and FELIX N. HANSEN,

No. 12-CV-00244-RSL

11 |                 Plaintiffs,

DEFENDANTS' MOTION TO STAY PROCEEDINGS

12 |       vs.

13 | CAPITAL ONE FINANCIAL

NOTED ON MOTION CALENDAR: OCTOBER 26, 2012

14 | CORPORATION and CAPITAL ONE BANK (USA), N.A.,

15 |                 Defendants.

16

17

18     **PLEASE TAKE NOTICE** that defendants Capital One Bank (USA), N.A. and

19 Capital One Financial Corporation (collectively, "Capital One"), by and through their

20 undersigned counsel, move to stay proceedings, including discovery, pending a decision by

21 the Judicial Panel on Multidistrict Litigation ("JPML") on Capital One Bank (USA), N.A.'s

22 Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings Under 28 U.S.C.

23 § 1407.

    In further support of its motion, Capital One states the following:

---

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 1
CAUSE NO. 12-CV-00244-RSL

708154 / 482.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

## I.    Introduction

Courts commonly enter brief stays of proceedings pending an MDL determination, and a stay is necessary and appropriate in this case to conserve judicial and private resources that will otherwise have to be spent.

Capital One filed a petition for MDL status on October 3, 2012, seeking coordinated treatment of 33 Telephone Consumer Protection Act ("TCPA") actions that are pending in eleven federal courts across the country. The JPML has recently granted MDL status to two similar groups of TCPA actions. *See In re Portfolio Recovery Assocs., LLC, Telephone Consumer Protection Act Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011); *In re Midland Credit Mgmt., Inc., Telephone Consumer Protection Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011). Capital One has asked the JPML to assign the MDL proceedings to the Northern District of Illinois, where the first-filed putative class action is docketed. *See Martin, et al. v. Leading Edge Recovery Solutions, LLC, et al.*, No. 1:11-cv-05886 (N.D. Ill.). The plaintiffs in *Martin* are opposing that assignment, as indicated by their recent motion to transfer *Martin* to this Court, making it uncertain which court will be appointed. Pending the JPML's decision, Capital One is seeking stays of proceedings in all 33 cases to preserve judicial and private resources.

A stay will meet the goals of MDL treatment and is appropriate in this case for several reasons. First, this Court can preserve scarce judicial resources by declining to address matters that may later be redone or undone in an MDL proceeding. Second, a stay will protect Capital One from having to spend its resources addressing duplicative matters that can be addressed more efficiently in the MDL, once for all cases. Finally, a brief stay will not prejudice the

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 2
CAUSE NO. 12-CV-00244-RSL

708154 / 482.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

substantial rights of any plaintiff in this case. This case is relatively new, and there is no danger that memories will be degraded or evidence lost in the short time before MDL proceedings can begin. If the Court agrees that a brief stay is appropriate, defendants respectfully request that it enter a stay promptly. October 2, 2012, plaintiffs served a notice for a 30(b)(6) deposition set to take place October 16, 2012, regarding which Capital One will object or move for a protective order based on the early status of discovery, the nature of the topics described, and the efficiency of waiting to address the noticed topics a single time for all cases in the MDL. Entering a stay in advance of the pending discovery motion practice will preserve both judicial and private resources, consistent with the purpose of the MDL mechanism.

## II.    Facts

This is one of three pending putative class actions filed against Capital One in federal courts involving allegations under the Telephone Consumer Protection Act ("TCPA").[1] The other two pending putative class actions are in the Northern District of Illinois.[2] In addition,

---

[1] Capital One was sued in a fourth putative class action asserting a nationwide class on August 7, 2012, in the Northern District of California. *Alarcon v. Capital One Bank (USA) N.A., et al.*, Civ. No. 3:12-cv-4145 (N.D. Cal.) The Plaintiff in *Alarcon* is a resident of California and pleaded no facts suggesting that jurisdiction would be proper elsewhere. But shortly after Capital One informed counsel in *Martin* that it intended to file the petition to transfer all related cases to Judge Lefkow in the Northern District of Illinois—and the day Capital One's Answer was due (October 1, 2012)—the *Alarcon* plaintiff voluntarily dismissed this case without prejudice. Hunter Decl. ¶ 8. Counsel in this action has since indicated to Capital One that it intends to seek leave to add the *Alarcon* plaintiff to this action, which would be consistent with *Martin*'s counsel's attempt to transfer to this jurisdiction and, presumably, to create a "critical mass" of class actions in this forum. Hunter Decl. ¶ 8.

[2] *See Martin, et al. v. Leading Edge Recovery Solutions, LLC, et al.*, No. 1:11-cv-05886 (N.D. Ill.); *Patterson v. Capital Mgmt. Servs., L.P., et al.*, No. 1:12-cv-01061 (N.D. Ill.).

---

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 3
CAUSE NO. 12-CV-00244-RSL

708154 / 482.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

thirty individual actions alleging TCPA violations are pending in nine other federal district courts against Capital One. With the exception of one individual case, all of the putative class actions and individual actions were filed against Capital One within the past ten months.

On October 3, 2012, Capital One moved to transfer these 33 "Scheduled Actions" into an MDL under 28 U.S.C. § 1407. *See* Hunter Decl. ¶ 4; Ex. A. The JPML has recently held— twice—that petitions seeking to consolidate the same type of TCPA cases satisfied the MDL standard. *See In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377, 1377-78 (J.P.M.L. 2011). Capital One expects that the MDL Motion will be heard by the JPML on November 29, 2012, in Dallas, Texas, and is in the process of filing motions to stay in each of the Scheduled Actions pending a decision by the JPML. Hunter Decl. ¶ 6.

In its MDL petition, Capital One asked the JPML to assign the 33 Scheduled Actions to the Northern District of Illinois for MDL proceedings. Ex. A at 2, 14-15. Only one case— this one—is pending in the Western District of Washington. Of course, the JPML has the discretion to assign the Scheduled Actions to any judge or judges. 28 U.S.C. § 1407(b). Counsel in the *Martin* action has told Capital One that he is collaborating with counsel in this case and that his clients intend to oppose Capital One's MDL petition. Hunter Decl. ¶ 7. The *Martin* plaintiffs established that they do not want to litigate this case in the Northern District of Illinois—whether as an individual case or as part of an MDL—by filing a motion to transfer *Martin* to the Western District of Washington.[3] Dkt. No. 107-08. It is possible that

---

[3] The Court summarily denied this motion on October 4, 2012. Dkt. 109.

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 4
CAUSE NO. 12-CV-00244-RSL

708154 / 482.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

1   plaintiffs in the other 32 Scheduled Actions will also ask to have the MDL assigned to a

2   different court.

3       The three pending putative class actions are in the early stages of discovery. Hunter

4   Decl. ¶ 3.  No discovery motions have been filed or heard with regard to Capital One, other

5   than preemptive motions for protective orders filed by defendants in the *Martin* action, and no

6   depositions have been taken. Hunter Decl. ¶ 3. Plaintiffs and defendants in this case have

7   exchanged written discovery and have discussed deficiencies and objections. Hunter Decl.

8   ¶ 3. Capital One and plaintiffs have also exchanged documents, with further document

9   production expected. Hunter Decl. ¶ 3. Plaintiffs served a 30(b)(6) deposition notice on

10  October 2, 2012, presumably to bolster the argument made in the *Martin* motion to transfer to

11  this Court that discovery in this case is more advanced. *See Martin* Dkt. 107 at 1.

12                              **III.    Argument**

13      A district court has the inherent power to stay its proceedings. *Rivers v. Walt Disney,*

14  *Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "[T]he power to stay proceedings is incidental

15  to the power inherent in every court to control the disposition of the causes on its docket with

16  economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299

17  U.S. 248, 254, 57 S. Ct. 163, 166 (1936); *see also Leyva v. Certified Grocers of Cal., Ltd.*,

18  593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its

19  own docket and the fairest course for the parties to enter a stay of an action before it, pending

20  resolution of independent proceedings which bear upon the case."). Courts often use this

21  power to stay proceedings pending transfer decisions by the JPML. *See, e.g., Ill. Mut. Ret.*

22  *Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir. 2004) (noting that "some district courts

23

---

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 5
CAUSE NO. 12-CV-00244-RSL

708154 / 482.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

1  stay proceedings during the interim following a conditional transfer order"); *Mailblocks, Inc.*

2  *v. Spam Arrest, LLC*, No. CV03-0077, 2003 WL 22319080, at *2 (W.D. Wash. June 9, 2003)

3  (Coughenour, C.J.) ("Litigation should be stayed to permit the MDL Panel to decide a motion

4  to consolidate if the stay would achieve gains in judicial economy and consistency that

5  outweigh the prejudice the parties would suffer from the delay."); *Fuller v. Amerigas*

6  *Propane, Inc.*, Nos. C09-2493, 09-2616, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009)

7  (granting motion to stay); *Rivers*, 980 F. Supp. at 1362 ("[I]t appears that a majority of courts

8  have concluded that it is often appropriate to stay preliminary pretrial proceedings while a

9  motion to transfer and consolidate is pending with the MDL Panel.").

10      Courts consider three factors in determining whether to stay proceedings pending

11  JPML transfer decisions: (1) the judicial resources that would be saved by avoiding

12  duplicative litigation if the cases are in fact consolidated; (2) if a stay would prejudice the

13  non-moving party; and (3) any hardship and inequity to the moving party if the action is not

14  stayed. *See Rivers*, 980 F. Supp. at 1360; *see also Fuller*, 2009 WL 2390358, at *1; *Terkel v.*

15  *AT & T, Inc.*, Nos. 06 C 2837, 06 C 2680, 2006 WL 1663456, at *1 (N.D. Ill. June 9, 2006)

16  (Kennelly, J.); *Bd. of Tr. Teachers' Ret. Sys. of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900,

17  905 (N.D. Ill. 2002) (Gottschall, J.). Here, a stay best serves judicial interests of economy and

18  efficiency by preventing unnecessary pretrial proceedings and minimizing the possibility of

19  conflicting discovery and merits rulings.

20      **A.      Granting Capital One's motion to stay will conserve judicial resources.**

21      A court considering whether to stay proceedings pending a decision by the JPML on a

22  motion to transfer first looks to whether the stay will conserve judicial resources and serve the

23

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 6
CAUSE NO. 12-CV-00244-RSL

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

708154 / 482.0001

interests of judicial economy and efficiency. *See, e.g., Rivers*, 980 F. Supp. at 1360. Courts place heavy weight on the concern for judicial efficiency when determining whether to stay proceedings pending JPML decisions. *See Rivers*, 980 F. Supp. at 1361 (motion to stay granted because it furthers interests of judicial economy and efficiency); *WorldCom*, 244 F. Supp. 2d at 905 ("Judicial economy favors a stay.").

If proceedings are not stayed pending the JPML's decision, this Court may expend judicial resources ruling on pretrial motions, including class certification, despite the significant possibility that this case, and others, will be transferred to another court for consolidated pretrial proceedings, including ruling on class certification. *See, e.g., In re Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 505 F. Supp. 2d 1377, 1378 (J.P.M.L. 2007) ("Centralization will . . . prevent inconsistent pretrial rulings, especially with respect to class certification . . . ."). After transfer, the transferee court may modify rulings made by the transferor judge. *See, e.g., Rivers*, 980 F. Supp. at 1361 (noting that decisions regarding class "certification could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders"); *In re Exterior Siding & Aluminum Coil Litig.*, 538 F. Supp. 45, 47 (D. Minn. 1982) ("It is clear from [28 U.S.C. § 1407] itself that class certification determinations are to be resolved by the transferee court free from the influence of any initial determinations of transferor courts."); *In re Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 81 F.R.D. 482, 486-87 (E.D. Mich. 1979) (noting that transferee court may vacate or modify orders entered by transferor court).

This case is relatively new, and there is no danger that memories will be degraded or evidence lost in the short time before MDL proceedings can begin. No discovery motions

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 7
CAUSE NO. 12-CV-00244-RSL

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

708154 / 482.0001

have been filed or heard and no depositions have been taken. Hunter Decl. ¶ 3. Plaintiffs and defendants in this case have exchanged written discovery and discussed deficiencies and objections. Capital One and plaintiffs have also exchanged documents, with further document production expected. Hunter Decl. ¶ 3. Plaintiffs served a 30(b)(6) deposition notice on October 2, 2012, presumably to bolster the argument made in the *Martin* motion to transfer to this Court that discovery in this case is more advanced. *See Martin* Dkt. 107 at 1. Capital One will move for a protective order based on the early status of discovery and the nature of the topics described. Capital One anticipates that, without a stay, the Court will have to spend significant time and energy ruling on discovery motions and setting a discovery schedule, with no real benefit to plaintiffs. Determining the best process for conducting discovery in the Scheduled Actions should be handled by the court the JPML assigns the MDL rather than by individual courts issuing rulings during the pendency of the MDL petition—which may be contradictory and which certainly will use judicial resources inefficiently.

Briefly staying proceedings would avoid unnecessary action by this Court and would eliminate the possibility that inconsistent pretrial rulings will be issued in this and other jurisdictions before consolidation. Thus, to ensure judicial resources are used efficiently and economically, this Court should grant the defendants' motion to briefly stay proceedings, including discovery.

**B.     Plaintiffs will not be prejudiced by a brief stay of proceedings.**

A court examining a motion to stay proceedings also looks at whether a plaintiff will suffer prejudice from a brief stay pending a decision by the JPML. *See, e.g., Rivers*, 980 F. Supp. at 1360. In general, a non-moving party will suffer "no meaningful prejudice," because

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 8
CAUSE NO. 12-CV-00244-RSL

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

708154 / 482.0001

1    "any delay caused by this stay will be of very short duration, and unlikely to cause the

2    degradation of memories or the loss of material evidence." *Fuller*, 2009 WL 2390358, at *1.

3         That is true here. A decision by the JPML is likely to come within four months or less.

4    Any alleged prejudice running from a brief delay in discovery pending the MDL Panel's

5    decision is minimal. *See, e.g.*, *Nielsen v. Merck & Co.*, No. C07-00076, 2007 WL 806510, at

6    *2 (N.D. Cal. March 1, 2007) (concluding that deferring resolution of jurisdictional questions

7    does not harm nonmoving party as questions will be resolved after short delay pending JPML

8    decision); *WorldCom*, 244 F. Supp. 2d at 906 ("[W]hile delay is always regrettable, the Funds

9    fail to explain how delay in this case will substantially affect their rights."); *American*

10   *Seafood, Inc., v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *1

11   (E.D. Pa. May 7, 1992) ("The plaintiffs will not be substantially prejudiced by staying this

12   action pending the decision of the JPML.").

13        In addition, any minimal prejudice resulting from a delay is greatly outweighed by the

14   interests against costly duplicative discovery—which will be borne, in part, by the plaintiffs—

15   and in favor of judicial economy, which are also the motivating factors for consolidating cases

16   through multidistrict litigation. *See, e.g.*, *Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a

17   temporary stay could be characterized as a delay that would be prejudicial to Defendant, there

18   are still considerations of judicial economy that outweigh any prejudice to Defendant.");

19   *American Seafood*, 1992 WL 102762, at *2 ("[A]ny prejudice to the plaintiffs is clearly

20   outweighed by the considerations of judicial economy and possible prejudice to the

21   defendants."); *see also In re Global Crossing Ltd. Sec. & "ERISA" Litig.*, 223 F. Supp. 2d

22   1384, 1385 (J.P.M.L. 2005) ("Centralization under Section 1407 is necessary in order to

23

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 9
CAUSE NO. 12-CV-00244-RSL

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

708154 / 482.0001

1   eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect

2   to questions of class certification), and conserve the resources of the parties, their counsel and

3   the judiciary."); *Waitt v. Merck & Co., Inc.*, No. C05-0759L, 2005 WL 1799740, at *3 (W.D.

4   Wash. July 27, 2005) (Lasnik, C.J.) (denying motion to stay but noting that if case had

5   common factual allegations with pending MDL "the Court would likely stay the present

6   proceedings pending a transfer decision by the JPML").

7           Plaintiffs in the *Martin* action have conceded that coordinated proceedings are the best

8   route, having argued in their motion to transfer that transfer to this Court would "further

9   interests of justice by reducing the multiplicity of litigation, conserving judicial resources, and

10   avoiding inconsistent results." Dkt. 107 at 6. Thus, plaintiffs in *Martin*—who are coordinating

11   with counsel in this case—have acknowledged that they will not be prejudiced by coordinated

12   proceedings, and thus, a brief delay before they are able to do so will not prejudice them. *See*

13   Hunter Decl. ¶ 7.

14           **C.     Capital One will suffer hardship if this action is not stayed.**

15           Finally, a court deciding a motion to briefly stay a case pending a decision by the

16   JPML on a motion to transfer looks to whether the moving party will suffer hardship if the

17   action is not stayed. *See Rivers*, 980 F. Supp. at 1360. As courts have recognized, "litigating

18   essentially the same claims in courts all over the country is no doubt burdensome."

19   *WorldCom*, 244 F. Supp. 2d at 904 (granting motion to stay pending the JPML decision based

20   in part on the similar claims nationwide).

21           That very reason—the burden of continuing to litigate in numerous jurisdictions

22   around the country—weighs in favor of a brief stay here. Without a stay, Capital One will

23

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 10
CAUSE NO. 12-CV-00244-RSL

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

708154 / 482.0001

likely face duplicative costs litigating discovery motions, negotiating with counsel, and responding to discovery over the next few months—duplication that is contrary to the purpose of the MDL mechanism. Capital One may also face contradictory discovery orders that ultimately are inconsistent with the view of the MDL court assigned.

Capital One requested consolidated or coordinated pretrial proceedings in 33 actions alleging TCPA claims that it is currently defending, including three putative class actions. As courts have recognized, "there is some hardship associated with the effort required to conduct discovery in multiple cases that may be rendered pointless or redundant by the decision of the MDL panel." *Fuller*, 2009 WL 2390358, at *1; *see also Nielsen*, 2007 WL 806510, at *2 ("[Defendant] would suffer prejudice from being forced to litigate the same . . . issues in multiple forums.").

## IV.    CONCLUSION

A stay of proceedings, pending a decision by the JPML on Capital One's MDL Motion, will conserve judicial resources and will not prejudice the plaintiffs, who will be able to pursue discovery upon a decision by the JPML in only a few months. Capital One will be harmed if a brief stay is not granted, as it will have to continue to engage in duplicative discovery and pretrial proceedings, which defeats the purpose of the proposed MDL.

WHEREFORE, for the above reasons, Capital One respectfully requests that this Court stay proceedings, including discovery, while Capital One Bank (USA), N.A.'s Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407 is pending before the Judicial Panel on Multidistrict Litigation.

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 11
CAUSE NO. 12-CV-00244-RSL

708154 / 482.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

1

DATED this 5th day of October, 2012.

2

FORSBERG & UMLAUF, P.S.

3

4

By: _____
John P. Hayes, WSBA #21009
Paul S. Smith, III, WSBA #28099
Attorneys for Defendant(s)

5

6

7

FAEGRE BAKER DANIELS LLP

8

9

By: /s/ Eileen M. Hunter
Aaron D. Van Oort,* MN #315539
Email: aaron.vanoort@FaegreBD.com
Eileen M. Hunter, * MN #0336336
Email: eileen.hunter@FaegreBD.com
Erin L. Hoffman,* MN #0387835
Email: erin.hoffman@FaegreBD.com

10

11

12

13

Attorneys for Defendants Capital One
Financial Corporation and
Capital One Bank (USA), N.A.
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

14

15

16

17

18

*Admitted Pro Hac Vice

19

20

21

22

23

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 12
CAUSE NO. 12-CV-00244-RSL

708154 / 482.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the foregoing DEFENDANTS' MOTION TO STAY PROCEEDINGS on the following individuals in the manner indicated:

Ms. Kim Williams
Mr. Rob Williamson
Williamson & Williams
17253 Agate Street NE
Bainbridge Island, WA 98110
Facsimile: 206-780-5557
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via ECF

Ms. Beth E. Terrell
Ms. Kimberlee L. Gunning
Terrell Marshall Daudt & Willie, PLLC
936 North 34th Street, Suite 400
Seattle, WA 98103-8869
Facsimile: 206-350-3528
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via ECF

Aaron D. Van Oort
Erin L. Hoffman
Eileen M. Hunter
Faegre Baker Daniels LLP
90 W. Seventh St., Suite 2200
Minneapolis, MN 55402-3901
Facsimile: (612) 766-1600
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via ECF

Mr. Mark Ankcorn
Ankcorn Law Firm, PC
9845 Erma Road, Suite 300
San Diego, CA 92131
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via ECF

**SIGNED** this 5th day of October, 2012, at Seattle, Washington.

Elizabeth S. Sado

DEFENDANTS' MOTION TO STAY PROCEEDINGS – PAGE 13
CAUSE NO. 12-CV-00244-RSL

708154 / 482.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX